UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHNSON COUNTY BOARD OF )<br>COMMISSIONERS, JOHNSON COUNTY )<br>SHERIFF'S DEPARTMENT, DAVID )<br>EMERY, TERRY McCLAUGHLIN, )<br>LISA G. NEATHERY, WILLIAM )<br>PROVINCE, M.D., individually and d/b/a )<br>WILLIAM D. PROVINCE, M.D. INC., )<br>and JOHN DOE, M.D., )<br>)<br>Defendants. ) | CASE NO. 1:06-cv-0986-DFH-WTL |

ENTRY ON PENDING MOTIONS

Plaintiff Robin Smith had recently fractured her right ankle in an auto accident when she was arrested and held in the Johnson County Jail. She alleges that her ankle developed complications while she was in jail and that the jail correctional and medical staff acted negligently and/or with deliberate indifference to her condition. The result was the amputation of her right leg.

Smith has named as defendants in this action the Johnson County Board of Commissioners, the Johnson County Sheriff's Department, Jail Commander David Emery, Sheriff Terry McLaughlin, Jail Nurse Lisa G. Neathery, William Province, M.D., individually and doing business as William D. Province, M.D., Inc.,

and John Doe, M.D. She alleges claims for medical malpractice, breach of her jailers' duties of care to her under state law, and violation of her rights under the Eighth and/or Fourteenth Amendments of the United States Constitution.

Smith filed suit in state court. Defendants removed the case to this federal court based on the federal constitutional claims. The blend of federal claims and state medical malpractice claims presents some legal complications. Indiana law requires that medical malpractice claims against qualified health care providers first be presented to a medical review panel under the supervision of the Indiana Department of Insurance, and the panel must issue an opinion before suit may be filed. Ind. Code § 34-18-8-4. Several defense motions are ripe for decision.

First, defendants William Province, M.D., and William D. Province, M.D., Inc. have moved to dismiss the action against them without prejudice until a medical review panel has rendered an opinion in the case. Plaintiff argues that the court still has some limited power, such as the ability to set a trial date, under Indiana Code § 34-18-8-7. Section 7 allows a plaintiff to file an action in court before a medical review panel does its work, but also provides that a plaintiff who takes this option may not include information that would identify the defendant. This failure to comply with the provisions of section 7 means that the court must still dismiss these claims without prejudice. See *Hubbard v. Columbia Women's Hospital of Indianapolis, Inc.*, 807 N.E.2d 45, 51-52 (Ind. App. 2004). These defendants' motion to dismiss (Docket No. 12) is hereby granted.

Second, defendant John Doe, M.D., has moved for a stay of proceedings against him. The complaint against Dr. Doe complies with the anonymity requirement of Section 7, so the claims against him are not subject to dismissal without prejudice. Nevertheless, even under Section 7 the claimant is "prohibited from pursuing the action," and the court is prohibited from taking any action except setting a date for trial, acting under Indiana Code § 34-18-8-8 (allowing dismissal for failure to prosecute), or acting under Indiana Code § 34-18-11-1 (allowing court to make preliminary determination of affirmative defense or issue of fact or law other than those reserved for panel's opinion, and allowing court to compel discovery). At this point, the parties have not identified any specific issue that might need immediate court attention, other than possible discovery as to whether Dr. Doe is a "qualified" health care provider covered by the medical malpractice act. That question seems likely to be straightforward and unlikely to need formal court intervention. Accordingly, Dr. Doe's motion to stay proceedings as to him (Docket No. 7) is hereby granted, subject to any party's right to move to lift or modify the stay in accordance with the Indiana statute. Also, notwithstanding the stay, at least for the time being Dr. Doe may also be treated as a non-party witness for purposes of discovery that other parties seek to conduct.

Finally, the defendant Johnson County Board of Commissioners has moved for judgment on the pleadings because, under Indiana law, it is well established that the Sheriff's Department is responsible for actions of its own employees. The

county and its Board of County Commissioners are not.  *Estate of Drayton v. Nelson,* 53 F.3d 165, 167-68 (7th Cir. 1994) (affirming judgment on the pleadings for county in case of deputy's alleged shooting of suspect); accord, *Donahue v. St. Joseph County,* 720 N.E.2d 1236, 1240-41 (Ind. App. 1999) (affirming dismissal of claims against county based on deputy's alleged use of excessive force against detainee in jail); *Radcliff v. County of Harrison,* 627 N.E.2d 1305, 1306 (Ind. 1994) (affirming summary judgment for county in case alleging false imprisonment by sheriff and his deputy); *Weatherholt v. Spencer County,* 639 N.E.2d 354, 357 (Ind. App. 1994) (affirming summary judgment for county in case alleging jail personnel negligently denied prisoner access to lower bunk); *Delk v. Board of Comm'rs of Delaware County,* 503 N.E.2d 436, 440 (Ind. App. 1987) (affirming summary judgment for county in case alleging false imprisonment by deputy).  The Board of Commissioners' motion to dismiss (Docket No. 21) is hereby granted.

No separate judgments shall be entered at this time.  The case shall proceed against the defendants who are not qualified health care providers, recognizing that the doctors might be rejoining the case after the medical review panel completes its work.

So ordered.

Date:  August 23, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Chad Joseph Bradford
STEWART & IRWIN
cbradford@silegal.com

Gary J. Clendening
MALLOR CLENDENING GRODNER & BOHRER
gjclende@mcgb.com

Robert M. Giroux, Jr.
FIEGER FIEGER KENNEY & JOHNSON
r.grioux@fiegerlaw.com

Belinda Rose Johnson
MALLOR CLENDENING GRODNER & BOHRER LLP
bjohnson@mcgb.com

Thomas A. Manges
ROBY HOOD & MANGES
tmanges@robyhood.com

Calvert S. Miller
MILLER MURPHY & MILLER LLP
csm@millermurphymiller.com

John Thomas Roy
TRAVELERS STAFF COUNSEL OFFICE
jroy@travelers.com

Jason Andrew Scheele
MILLER MURPHY & MILLER
jas@millermurphymiller.com